UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| vs. | ) | Civil No. 08-126-B-W |
| | ) | |
| Kendall J. Shaw | ) | |
| Jana L. Shaw | ) | |
| Samuel Blackstone | ) | |
| Smith's Farm | ) | |
| Maine Potato Growers | ) | |

JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to recover a sum certain, to wit, the balance due on assumption agreement, promissory notes, mortgages and reamortization agreements, and defendants, Kendall J. Shaw and Jana L. Shaw, having been defaulted for failure to answer to otherwise plead; and parties-in-interest, Samuel Blackstone, Smith's Farm and Maine Potato Growers having filed an answer; and it appearing that there is no genuine issue as to any material fact; and that the United States of America, plaintiff herein, is entitled to such judgment on the complaint; and it appearing from the Declaration of Michael G. Mathers that the defendants are neither infants nor incompetent, nor in the military service of the United States, and that the total amount due to Plaintiff on the note and mortgage is $449,466.17 together with interest and costs; now upon Plaintiff's Motion for Default Judgment and Summary Judgment, it is hereby:

ORDERED, ADJUDGED, AND DECREED that:

1. The Motion for Summary Judgment as to Samuel Blackstone, Smith's Farm and Maine Potato Growers is granted for the plaintiff.

2. The Motion for Default Judgment as to defendants, Kendall J. Shaw and Jana L. Shaw is granted for the plaintiff.

3. Defendants, Kendall J. Shaw and Jana L. Shaw have have breached the conditions of the plaintiffs' assumption agreement and mortgages.

4. There is due the plaintiff the sum of $363,247.54 in principal, together with $86,218.63 in interest as of July 21, 2008, for a total of $449,466.17, plus interest accruing thereafter to the date of judgment at the rate of $45.0696 per day, plus any advances made thereafter under the terms of the mortgage plus costs.

5. If defendants, Kendall J. Shaw and Jana L. Shaw, their heirs or assigns do not pay the plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a representative of the Farm Service Agency (formerly known as Farmers Home Administration), Department of Agriculture, on behalf of the plaintiff, shall sell the mortgaged premises in one parcel or in separate parcels at public sale pursuant to the requirements of 28 U.S.C. Section 2002, 14 M.R.S.A. Sections 6323, 6324, and this judgment. Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in Aroostook County, Maine, once a week for four (4) weeks. Such notice will not be published until after the expiration of the redemption period, but not later than 90 days after the expiration of the redemption period. This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

6. Defendants, Kendall J. Shaw and Jana L. Shaw, shall deliver possession of the property to plaintiff within ten (10) days after the foreclosure sale.

7. The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale. The mortgagee may convey the property to the mortgagor (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

8. The plaintiff may bid at the foreclosure sale. If it is the successful bidder, it need not remit any funds to the Marshal provided its bid does not exceed the amount due on its mortgage, costs of this action, and the expenses of sale. The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the plaintiff. Such deed shall convey the premises free and clear of all interests of the defendants, and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the Aroostook County Registry of Deeds. Thereafter, every person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged premises.

9. If someone other than the plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises. The Marshal shall first pay all costs including the costs and expenses of sale; he shall then pay the plaintiff the principal amount due on its mortgage of $363,247.54, plus interest in the amount of $86,218.63 through July 21, 2008, for a total of $449,466.17, plus interest from that date through the date of judgment at the per diem rate of $45.0696, plus any advances made thereafter under the terms of the mortgage and costs, plus interest at the legal rate from the date of judgment to the date of sale and costs of suit. In the

event that there is money remaining from the purchase price after payment of the above, the Marshal shall then pay Smith's Farm any funds that may be due it under its Memorandum of Lease, dated May 18, 2005 and recorded in the Southern Aroostook County Registry of Deeds in Book 4128, Page 305.  If after payment of the above, there are remaining funds, the Marshal shall then pay Samuel Blackstone any funds that are remaining under the Writ of Execution dated May 16, 2006 and his Attorney's Certificate dated May 26, 2006 recorded in the Southern Aroostook County Registry of Deeds in Book 4280, Page 33 and Book 4286, Page 149.  If after payment of the above, there are remaining funds, the Marshal shall then pay Maine Potato Growers under its Writ of Execution recorded in the Southern Aroostook County Registry of Deeds in Book 4417, Page 162.  There being no other parties that have filed an answer, any surplusage shall then be remitted to defendants, Kendall J. Shaw and Jana L. Shaw.

10. A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk.  If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due on its mortgage.

Dated:  August 25, 2008

 /s/John A. Woodcock, Jr.
 U.S. District Court Judge